The judgment of the district court will be reversed.

All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY V. G. P. FUDGE.

1. PLEADING—*Allegations of Negligence, Construed—Defective Engine.* A plaintiff sued a railway company for negligently permitting fire to escape from its engine, and causing injury to his property, and alleged the negligence as follows: "The servants, agents and employés of said defendant in operating and running its engine over said line of road near the premises of plaintiff in said county, negligently and carelessly permitted said engine to cast out sparks and coals of fire therefrom into the dry grass and other combustible material on defendant's right-of-way, and set fire thereto, which spread onto and over the said land of plaintiff." The defendant filed a motion to require the plaintiff to make his petition more definite and certain, which motion was overruled by the court. The defendant then demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court. *Held,* That the foregoing allegations of negligence cannot be construed as including an allegation that the railway company's engine was defective.

2. FIRE—*Judgment on Findings, Erroneous.* In such case, where the jury, in answer to questions as to how the fire was permitted to escape,

answered as follows: "Either by negligence of engineer or some defect in engine, or both; the evidence does not warrant us in saying which," *held*, that as no defect in the engine was alleged, and as the fire may have escaped wholly by reason of some defect in the engine, it was error for the trial court to render judgment in favor of the plaintiff upon such finding.

### *Error from Greenwood District Court.*

G. P. Fudge brought an action in the district court of Greenwood county against the *St. Louis & San Francisco Railway Company*, in which action he filed the following original petition, omitting title and signature, to wit:

"The plaintiff alleges that the defendant at the time hereinafter mentioned was a duly incorporated railroad company, doing business in the state of Kansas under and by virtue of the laws of said state, and operating its railroad through Greenwood county, its right-of-way being 100 feet in width along the line of said road. Said railroad is located near the premises of plaintiff in said county; and on the 4th day of September, 1881, said defendant, contrary to its duty in that regard, carelessly and negligently omitted to keep said right-of-way free and clear from dry and combustible material, but negligently permitted large quantities of dry grass and weeds to accumulate over and upon its said track and right-of-way near the premises of plaintiff. That on said day the servants, agents and employés of said defendant, in operating and running its engine over said line of road near the premises of plaintiff in said county, negligently and carelessly permitted said engine to cast out sparks and coals of fire therefrom into the dry grass and other combustible material on defendant's right-of-way, and set fire thereto, which spread onto and over the said land of plaintiff, to wit, the northwest quarter of section 24, in township 28, range 11, and the southwest quarter of section 35, in township 27, range 11, all in Greenwood county, Kansas, the fire being continuous, and thereon burned up and destroyed one hundred tons of hay, the property of plaintiff, to the value of $3 per ton, without any fault or negligence on the part of plaintiff, to his damage in the sum of $300.

"Wherefore, plaintiff prays judgment against said defendant for the sum of $300, and the costs of this action."

Judgment for the plaintiff for $200 damages, and costs, at the December term, 1885. The defendant brings the case

here. The other facts of this case are sufficiently stated in the opinion of the court.

*John O'Day*, and *E. D. Kenna*, for plaintiff in error.
*T. L. Davis*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Greenwood county, by G. P. Fudge against the St. Louis & San Francisco Railway Company, to recover damages for the destruction of certain hay by fire, alleged to have been caused by the negligence of the railway company. The only negligence alleged is stated in the plaintiff's petition as follows:

"1. Said defendant, contrary to its duty in that regard, carelessly and negligently omitted to keep said right-of-way free and clear from dry and combustible material, but negligently permitted large quantities of dry grass and weeds to accumulate over and upon its track and right-of-way near the premises of plaintiff.

"2. The servants, agents and employés of said defendant, in operating and running its engine over said line of road near the premises of plaintiff in said county, negligently and carelessly permitted said engine to cast out sparks and coals of fire therefrom into the dry grass and other combustible material on defendant's right-of-way, and set fire thereto, which spread onto and over the said land of plaintiff."

The defendant filed a motion to require the plaintiff to make his petition more definite and certain, which motion was overruled by the court. The defendant then demurred to the plaintiff's petition, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was also overruled by the court. The case was then tried before the court and a jury, and a verdict and judgment were rendered in favor of the plaintiff and against the defendant for $200 damages and costs of suit; and the defendant, as plaintiff in error, brings the case to this court for review.

With respect to the first item of alleged negligence, the

jury found, as shown by their special findings, in favor of the defendant and against the plaintiff; and with respect to the second item of alleged negligence, the jury found as follows:

"11. Did the fire escape by accident? A. No.

"12. Did the fire escape because of the negligence of the engineer? [No answer.]

"13. Did the fire escape by reason of the engine being out of order? [No answer.]

"Answer to both 12th and 13th: Either by negligence of engineer or some defect in engine, or both; the evidence does not warrant us in saying which."

"28. If the jury return a verdict for the plaintiff, they will state specifically what negligence the defendant was guilty of, upon which the jury base the verdict — whether defective engine, condition of right-of-way, or negligence of the defendant's servants in operating the train. If on account of defective engine, state in what particular it was defective. If on account of the condition of the right-of-way, state what the defendant did or omitted to do that constitutes the negligence. If on account of the negligence of the defendant's servants, state what they did or omitted to do constituting the negligence of the defendant. A. Negligence of defendant's servants or defect in engine in setting out two fires within a mile, within a few minutes, as shown by the evidence."

The principal ground urged for reversal in this case is, that the judgment of the court below was rendered upon a case not made by the pleadings; or in other words, that the act of the court in rendering the judgment was a substantial departure from the issues as made by the pleadings. If this ground for reversal is made manifest by the record, of course the judgment of the court below must be reversed. (*Brenner v. Bigelow*, 8 Kas. 496; *U. P. Rly. Co. v. Young*, 8 id. 658; *K. P. Rly. Co. v. Dunmeyer*, 19 id. 539; *A. T. & S. F. Rld. Co. v. Irwin*, 35 id. 286.) As has already been stated, only two items of negligence are alleged in the plaintiff's petition, the first of which cannot count for anything now, for with respect to that item the jury found against the plaintiff. With respect to the other item, the jury found in the alternative that the negligence of the company consisted either in the negligence

of the engineer or in some defect in the engine, or both; and this it found merely because of two fires originating from the engine within one mile and within a few minutes. Now for the purposes of this case, but without deciding the question, it may be admitted that the plaintiff alleged, by his general allegations of negligence, that the engineer was negligent, but it cannot be said upon the most liberal rules of construction that the plaintiff alleged that the engine was in any manner defective. But liberal rules of construction cannot be indulged in in this case in favor of the plaintiff, for before the trial, even before the defendant answered, it moved the court that the plaintiff be required to make his petition more definite and certain, and also demurred to the plaintiff's petition. (*Stewart v. Balderston*, 10 Kas. 131, 149.) From anything appearing in the case, there may not have been the slightest negligence on the part of the engineer or on the part of any other person operating that engine, and yet the only negligence alleged against the defendant in this second allegation of negligence was "in operating and running its engine," etc.. No defect in the engine was alleged, nor was the slightest notice given to the defendant that the plaintiff claimed that any such defect existed, or that any evidence would be introduced tending to prove any such defect. The plaintiff alleges that the defendant was negligent through its "servants, agents and employés," "in operating and running its engine," etc.; and the burden of proving this negligence, if there was any, rested upon the plaintiff, but he did not prove the same. There is no claim now made that any servant, agent or employé of the railroad company was negligent in operating the engine, except the engineer, and the jury found in answer to the 12th and 13th special questions that the evidence did not warrant them in saying that the engineer was negligent. From anything appearing in the case, the fire may have originated wholly and entirely by reason of some defect in the engine, and if so the plaintiff cannot recover, for the reason that no such defect was alleged.

1. General allegations of negligence; engine, not alleged to be defective.

2. Fire—no defect in engine alleged; erroneous judgment.

We think the contention of the plaintiff in error, defendant below, must be sustained; and therefore the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.