THE UNION PACIFIC RAILWAY COMPANY v. A. P.
BUCK et al.

No. 73.

1. NEGLIGENCE— *Proof Must Conform to Pleading.* Where the
petition alleges specific acts of negligence as the basis for the re-
covery of damages, a verdict and judgment in favor of the plain-
tiff can be sustained only upon proof of the particular acts of
negligence alleged.

2. INJURY BY FIRE—*Negligence Alleged Must Be Proved.* When,
in an action brought to recover damages for a loss occasioned by
a fire which escaped from the engine of a passing train of cars to
the premises of the plaintiff, the petition alleges that the fire es-
caped because of imperfect appliances and careless and negligent
management of the train, a recovery is not warranted by proof of
an accidental escape of fire from the engine, without fault of the
railway company, even though the fire so set out may have been
communicated to the plaintiff's premises because of the negli-
gent manner in which the right of way was kept, the negligent
keeping of the right of way not being alleged as a proximate cause
of the damage.

3. NEGLIGENCE— *When it is a Question for the Court.* Whether
negligence in a particular case is shown is ordinarily a question
for the jury; but when the facts are undisputed, or are definitely
found by the jury, and only one conclusion can be reasonably
drawn therefrom, it becomes a question for the court.

MEMORANDUM.—Error from Russell district court;
W. G. EASTLAND, judge.   Action by A. P. and S. G.
Buck against The Union Pacific Railway Company to
recover damages for injury by fire.   Judgment for
plaintiffs.   Defendant brings the case to this court.
Reversed.   The opinion herein, filed May 5, 1896,
states the material facts.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for
plaintiff in error.

*Sutton & Dollison,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The defendants in error, A. P. and S.

G. Buck, as plaintiffs, brought this action in the district court of Russell county to recover damages sustained by them from a fire alleged to have been negligently set out by the defendant, now plaintiff in error. The negligence alleged in the petition was, that the railway company

"managed its train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine that was attached to and drawing said train, and also carelessly and negligently permitted dead and dry grass, weeds, stubble and other combustible materials to remain on the right of way of said defendant company and within said 200 feet adjacent to its said track, so that by reason of its carelessness and negligence as aforesaid, and without the fault of these plaintiffs, fire escaped from said engine of said company and set fire to the dead and dry grass, weeds, stubble and other combustible materials on its right of way, . . . and by reason of a continuous body of dead and dry grass, weeds and other combustible materials, and without the fault of these plaintiffs, said fire was communicated to the premises of these plaintiffs."

Special findings of fact were made by the jury showing that the fire started from sparks escaping from engine No. 712, which was drawing a train of cars in the vicinity of the premises; that such engine was furnished with appliances which were well known, approved, and reasonably safe in order to prevent the escape of fire or sparks, and, at the time the fire escaped, were in good order and in proper position; that the engineer and fireman in charge of said engine were competent and careful, and were properly performing their respective duties at the time; that the railway company had burned a fire-guard 140 feet wide along the north side of the track where the fire started; and that an unusually high wind blowing from the south

carried the sparks into and ignited the grass at the north side of the fire-guard. The jury also returned a verdict in favor of the plaintiffs for $250 damages, and $100 attorney's fees. Upon these findings of fact, the railway company asked for a judgment in its favor. Its motion was overruled, and judgment rendered on the verdict in favor of the plaintiffs for $350.

The only question for our consideration is: Do the facts as found by the jury negative the charge of negligence, and show that the plaintiff in error is not legally liable for the loss sustained? It is clear from the findings that the escape of the fire was accidental. There was no fault in the management of the train, nor in the appliances used for the prevention of the escape of sparks. Consequently the allegations of the petition in this respect are not only not sustained, but are disproven. This, we think, determines the material issues in the case in favor of the plaintiff in error. It is contended, however, by the defendants in error that the general verdict of the jury sustains the allegation of negligence in permitting dry grass, weeds and other combustible materials to remain on the right of way, which, it is alleged, is at this point 200 feet wide on each side of the track. As we construe the pleadings, this does not aid the defendants in error. The petition alleges that the damages were caused by a fire which escaped from the engine through the careless and negligent management of the train and the failure to employ suitable means to prevent the escape of fire. It does not present a case of an accidental fire and its communication to property because of negligence in not keeping the right of way in a reasonably safe condition. The fire is said to have been communicated to the plaintiff's premises " by reason of a continuous body of dead grass, weeds, and

other combustible materials." It is nowhere alleged that the railway company was at culpable fault for the existence of such continuous body of combustible materials; and it is only by inference that such averment can be found in the petition. But mere inferences are unavailing as against direct and specific allegations of negligence. Similar allegations in a petition were considered by this court and were thus construed in the case of *U. P. Rly. Co. v. Motzner*, 2 Kan. App. 342. The pleadings are controlling as to the right to recover. When the plaintiff limits the acts of negligence relied upon as the basis of his right to recover, the court has no right to broaden or extend them, or to permit a recovery except on proof of the specific acts alleged. (*St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543; *Telle v. Rapid Transit Rly. Co.*, 50 id. 455; *S. K. Rly. Co. v. Griffith*, 54 id. 428; *C. K. & W. Rly. Co. v. Bell*, 1 Kan. App. 71.)

Even conceding that the petition is sufficient to authorize a recovery upon proof of the negligent keeping of the right of way and permitting the accumulation thereon of combustible materials, do not the special findings of the jury negative the plaintiffs' claims? Whether negligence in a particular case is shown is ordinarily a question for the jury; but when the facts are undisputed, or are definitely found by the jury, and only one conclusion can be reasonably drawn therefrom, it becomes a question for the court. (*K. P. Rly. Co. v. Pointer*, 14 Kan. 37; *Dewald v. K. C. Ft. S. & G. Rld. Co.*, 44 id. 586.) Can it be said with any reason or justice that a railway company is chargeable with the negligent operation of its road when it has guarded against danger from fire accidentally escaping from its passing trains by removing all combustible materials within 140 feet of its track?

We think not.   Railway companies are limited, barring exceptional cases, by the laws of this state to a right of way 100 feet wide — 50 feet on each side of the center of the track.   In such cases, the burning or removal of combustible materials to the extent of of the right of way would certainly be all that could be required ; and the fact that sparks accidentally escaping from a passing engine fell beyond the right of way, setting fire in dry grass on adjoining premises, would not make the company liable.   Railway companies have no legal right to enter upon the lands of adjoining owners for the purpose of making fireguards.   There is no express statutory requirement as to the condition in which a right of way must be kept, rules upon this subject being merely the outgrowth of judicial decisions.   But when it is held to be negligence to permit combustible materials to accumulate on the right of way in such a manner as to endanger adjoining property, it seems reasonable that the required care be limited to the width recognized by statute as ordinarily sufficient for the operation of a railroad.   Otherwise a court might find itself in the anomalous situation of holding that there was no negligence when combustible materials were removed from a right of way 100 feet wide through one tract of land, and that there was negligence when a like space was cleared upon an adjoining tract through which the right of way happened to be of greater width.

We think, under the issues and findings of the jury, that the fire in this case which was communicated to the property of the defendants in error must be regarded as purely accidental.   In this view of the case, the motion of the plaintiff in error for judgment on the special findings of the jury should have been sustained, notwithstanding the general verdict.

The judgment will be reversed, and the case remanded, with directions to enter judgment in favor of the defendant below for costs.

All the Judges concurring.