THE UNION PACIFIC RAILWAY COMPANY v. H. S. MILLS.

No. 67.

INSTRUCTIONS — *erroneous, presumed injurious.* Instructions should be applicable to the case, and the facts proven. It is a right of a party to have his case submitted to the consideration of a jury under proper instructions; and, where incorrect instructions are shown to have been given, this court will not undertake to say that they did not operate to the injury of the party against whom they were given, unless such fact is made clearly to appear.

Error from Trego District Court. Hon. S. J. Osborn, Judge. Opinion filed January 4, 1897. *Reversed.*

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

*Lilla Day Monroe,* for defendant in error.

GILKESON, P. J. The allegation of negligence in the petition is as follows :

''That on the twenty-seventh day of March, 1892,

U. P. RLY. CO. v. MILLS. 479

Jan. 4, 1897. Opinion. Gilkeson, P. J. W. Div.

the said defendant, while running one of its trains on the aforesaid road in Trego County, managed its said train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from its engine which was running said train, and also permitted dead and dry grass and other combustible material to remain on its right of way near its railroad track, so that, by reason of its carelessness and negligence as aforesaid, fire escaped from its said engine and set fire to the dry grass and other material on or near its right of way, and, by reason of a continuous body of dry grass and other material, and without any fault of plaintiff, such fire was, on March 28, 1892, communicated to the aforesaid premises.''

It was stipulated on the trial among other things :

'' For the purpose of the trial of this case . . . that on the twenty-seventh day of March, 1892, between two and three o'clock in the afternoon, westbound train on the track of the defendant Company, known as train No. 11, engine No. 620, started a fire in some dry grass on the right of way of the defendant Company at a point in said county of Trego about two miles east of the town of Ogallah, by emitting sparks from the smoke-stack of said engine ; that the fire spread northerly about one-half to three-quarters of a mile, setting fire to two haystacks and burning north of them some one hundred feet; that at this place all the fire was extinguished except such as remained in the haystacks, about 6 P. M. that evening, by the section foreman and others ; that the next day, March 28, the fire left in the haystacks escaped therefrom by reason of the wind, and that it was this fire, last mentioned, which caused the damage for which this action is brought; that the premises injured are from eight to nine miles from the place where the fire of March 27 originated, and that this intervening space was covered at the time the fire started with dry buffalo grass.''

Thirty-five special findings were returned by the jury, showing, that the original fire of March 27

480 U. P. RLY. CO. v. MILLS.

N. Dept. Opinion. Gilkeson, P. J. 5 Kan. App.

started by sparks from the smoke-stack of engine No. 620; that said engine was equipped with a standard diamond stack, and that said stack is the best in use; that the engineer was careful and competent; that farmers and the defendant's section hands put out the fire after it had burned beyond the haystacks, except in the haystacks, in which they considered it entirely safe to leave the fire as it was, they thinking there was no danger of its starting up again; that the fire in the haystacks was left by the parties in an unsafe and dangerous condition, and that its escape was a result that might reasonably have been anticipated by a prudent man; that the engine was not equipped with the necessary appliances to prevent the escape of sparks from the smoke-stack and that the netting was defective; that the negligence of the defendant in causing the fire of March 27 consisted in not plowing and burning a fire-guard.

Under his petition the plaintiff could recover only for injuries resulting from a fire caused by defendant, either in carelessly and negligently managing the train, to which engine No. 620 was attached, at the time and place of the fire, or by permitting dead and dry grass and other combustible material to remain on its right of way.

The first proposition is entirely out of this case under the evidence and the findings of the jury. The testimony shows, and the jury found, that the engineer was competent and careful. It is true they make the following finding:

Ques. 15. Did he not handle the engine in a careful and proper manner at the time the fire occurred? A. Don't know.

But they explain this in answer to question sixteen:

"If you find that the engine was not properly

U. P. Rly. Co. v. Mills.                481

Jan. 4, 1897.          Opinion.   Gilkeson, P. J.            W. Div.

handled, then state in what the improper handling consisted.    A.  Did not claim in question fifteen that the engine was improperly handled."

As to the second proposition, the jury found that the engine was furnished with proper and approved appliances.   But they also found that the appliances were not in good order, that is, the netting in the smoke-stack was defective.   Does the allegation of the petition that the engine was not properly supplied, include, "not being in good order"?   Be this as it may the jury also found that the negligence in setting out the original fire of March 27, 1892, consisted in not plowing and burning fire-guards.

Ques. 17.   "Was the defendant guilty of negligence in causing the fire on Sunday, March 27?   A.  Yes."
Q. 18.   "If you answer the above question in the affirmative, then state fully in what the negligence consisted.   A.  In not plowing and burning fire-guards."

If these findings be true, and we must take them to be so, then what difference can it make as to the appliances, or their condition?   The answer to this is that, taking both together, the defect in the netting allowed the sparks to escape, and the failure to plow and burn fire-guards joined with that, caused the fire. But does this make the condition of the netting an act of negligence?   We think not.   Its condition might have been purely the result of an accident. This finding is not within the issues of the case. There is no allegation that can be construed to embrace it.

This brings us to the consideration of the third proposition, but upon this we think there is a total failure of proof.   The only testimony claimed to show or prove this allegation is, that there was some grass growing on the right of way.   This, of itself, is not

31—5 kan. app.

482　　　　　U. P. Rly. Co. v. Mills.

| N. Dept. | Opinion. Gilkeson, P. J. | 5 Kan. App. |

negligence. *Kansas Pacific Rly. v. Butts*, 7 Kan. 308. There is certainly a very material difference between permitting grass to grow, and permitting dead and dry grass and other combustible material to remain, on the right of way. If we take the next allegation of the petition, the fire was communicated to the plaintiff's premises "by reason of a continuous body of dry grass and other material." The defendant Company is not charged with any fault for the existence of this "continuous body of dry grass, etc." It might be inferred, but we have no right to infer, particularly against the specific allegations of the pleadings.

This construction of the pleadings is upheld by the decisions of the Supreme Court and this court: *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543 ; *Telle v. Rapid Transit Rly. Co.*, 50 id. 455 ; *S. K. Rly. Co. v. Griffith*, 54 id. 428 ; *Clark v. Mo. Pac. Rly. Co.*, 48 id. 654–662 ; *A. T. & S. F. Rld. Co. v. Ayers*, 56 id. 176 ; *C. K. & W. Rly. Co. v. Bell*, 1 Kan. App. 71 ; *U. P. Rly. Co. v. Motzner*, 2 id. 342.

But it is contended by the plaintiff in error that the giving of certain instructions and refusal of others were erroneous. We agree with counsel, particularly with respect to those given, which do not state the law correctly, are confusing, and are not confined to the issues in the case. They virtually tell the jury that the Railroad Company is liable for a purely accidental fire which it failed to extinguish, after attempting to do so. In other words, a party may become liable for an accident on account of his inability to control it. We do not think this is sound. Admitting that it was the duty of the section hands to put out this fire if it came to their knowledge, that is but the common duty owed by all the citizens of that

U. P. RLY. CO. v. MILLS.                483

Jan. 4, 1897.        Opinion.   Gilkeson, P. J.           W. Div.

locality, regardless of the fire's origin.   Even admitting that the section men were under special obligation to so act, would it change the rule, and make the Company liable for an accidental fire on account of the physical inability of its employees to control it? But it is contended that they attempted to do so ; and the court instructed that, having so attempted, "they must use reasonable diligence and care in taking care of it, and if they failed to do so, the Company is liable without regard to the origin."   Herein we think the court erred.   It might just as properly be charged that Cowden, Richards, Rogers, and the others who were attempting to extinguish this fire, were liable because they failed to use reasonable diligence in taking care of it.   The Company is not charged in this action with negligence in not properly handling a fire after it had it under control.   The negligence charged is in originally setting out the fire, and, as we have said, the instruction is not within the issues in this case.

The evidence is very unsatisfactory upon many propositions — particularly as to the value of the property and the amount, or items, destroyed.   It might also be said that the court erred in other instructions, or rather in not giving instructions that should have been given.   We are forced to the conclusion, after an examination of the record, that the special findings of the jury were made with very little regard to the testimony.

The judgment will therefore be reversed, and a new trial ordered.