A. P. Buck *et al.* v. The Union Pacific Railway Company.

**No. 10621.**

1. Damage by Fire from Locomotive— *in action for, whether width of fire-guard sufficient is for jury, not for court.* The question whether a fire-guard one hundred and forty feet wide along a railroad right of way is ordinarily sufficient to prevent the escape of fire from passing locomotives, is a question of fact for the jury and not of law for the court; and, as to the Union Pacific Railway Company, whose right of way in most places was fixed by Congress at four hundred feet, such question cannot be determined as a matter of law from the fact that under the statutes of this State the maximum width of railroad rights of way has been fixed at one hundred feet.

2. ———— *particular petition held to allege accumulation of combustible material on right of way as cause of.* The allegations of a petition for damages caused by the escape of fire from a locomotive, examined; and *held*, to be sufficient in respect to the particular charge of negligence upon which the verdict for plaintiff was returned.

Error from the Court of Appeals, Northern Department. Opinion filed April 9, 1898. *Reversed.*

*J. F. Dollison, Wm. B. Sutton,* for plaintiffs in error.
*A. L. Williams, N. H. Loomis* and *R. W. Blair,* for defendant in error.

Doster, C. J. This was an action by plaintiffs in error to recover damages caused by the escape of fire from one of the locomotives of defendant in error. A

general verdict was returned in favor of the plaintiffs, and certain findings of fact were also made by the jury. Judgment was rendered upon the verdict and findings in favor of the plaintiffs. Upon proceedings in error to the Court of Appeals, the decision of the District Court was reversed, with directions to enter judgment for the defendant upon the findings of the jury notwithstanding the general verdict. 44 Pac. 904. From this order of reversal, error is prosecuted to this court. The allegations of negligence in the petition of plaintiff were that the defendant

"—managed its train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine that was attached to and drawing said train, and also carelessly and negligently permitted dead and dry grass, weeds, stubble and other combustible materials to remain on the right of way of said defendant Company, and within two hundred feet adjacent to its said track, so that by reason of its carelessness and negligence as aforesaid, and without the fault of these plaintiffs, fire escaped from said engine of said company and set fire to the dead and dry grass, weeds and stubble and other combustible materials on its right of way, . . . and by reason of a continuous body of dead and dry grass, weeds, and other combustible materials, and without the fault of these plaintiffs, said fire was communicated to the premises of these plaintiffs."

The special findings of the jury fully acquit the Railway Company of negligence in failing to supply its locomotives with the best and most approved appliances to prevent the escape of fire, and also acquit it of negligence in failing to employ careful and competent employees to manage its locomotive; and the jury also specially found that the locomotive had been carefully inspected at the last opportunity preceding the time of the fire, and also that at the time the fire escaped the locomotive was managed in a skilful and

proper manner. No special findings were made as to whether combustible material had been allowed to accumulate on the right of way. It was found, however, that the defendant had burned a strip of ground, extending from its track, one hundred and forty feet wide at the point where the fire escaped. The right of way of the defendant in error, unlike those of other railroad companies in the State, is four hundred feet wide, at the point where the fire occurred. The general verdict being in favor of the plaintiff, the accumulation of combustible material, outside the burned strip and inside the limits of the right of way, is therefore to be inferred, under the rule that a general finding is inclusive of all the special matters necessary to uphold it. We do not have the evidence before us, but the case was discussed by the Court of Appeals, and by counsel for both parties in this court, upon the assumption that the fire which escaped from the locomotive blew across the fire-guard of one hundred and forty feet, and communicated to the dry grass and other combustible material, between the fire-guard and the outer edge of the right of way. We shall, in consequence, so treat the case.

We agree with the Court of Appeals that the findings show that the escape of the fire from the engine was accidental. However, a railroad company must do more than provide its locomotives with proper appliances to prevent the escape of fire and keep them in proper repair. It must do more than employ skilful and careful employees in the management of its locomotives; and must do more than require of such employees skilfulness and diligence in the performance of their duties. It must keep its right of way clear of combustible material, so as to prevent damage from fires accidentally escaping, or, must keep such portions of its right of way clear as in the light

of reason and experience should be done. It is known that fires do escape accidentally from locomotives, however well constructed and managed; therefore, precautions to prevent the spread of such accidental fires should be taken. Keeping the right of way or a necessary part of it reasonably free from combustible material, is the chief, if not the only, precaution that can be taken to prevent the occurrence of such fires.

The defendant in error and likewise the Court of Appeals say this precaution was taken in this case. However, the claim, as made, is one of law and not of fact. It is said that in law the burning of a fire-guard one hundred and forty feet wide is a sufficient precaution. This assertion is based upon the claim, *first*, that reason and experience so teach, and, *second*, that the Legislature has impliedly so declared, by limiting the width of a right of way to one hundred feet in most cases. Neither of these claims is tenable. No court can say, as matter of law, that a fire-guard one hundred and forty feet wide constitutes a reasonably secure protection against the escape of sparks from locomotives. It has no judicial knowledge upon the subject, and is not permitted to reason about it. The question is entirely one of fact for the jury. Nor is any implication upon the subject derivable from the fact that the width of railroad rights of way is usually fixed at one hundred feet. If the legislative judgment as to the necessities of a railroad company in this respect is to be taken into account, it may be said, with a propriety equally as great as that with which the defendant in error urges its claim, that two hundred feet should be the required width of a railroad fire-guard; at least, such may be said in the case of the defendant in error, because, in the grant made to it by Congress, the width of its right of way

1. Width of fire-guard, question for jury.

was fixed at four hundred feet. Eminent domain is not exercised in behalf of railroad companies with any special view to the exterior boundaries of fire-guards to be burned by them; but, is exercised with a view to the construction of its tracks, switches, depots, etc. Nor does it make any difference that in the case of other roads than the Union Pacific the burning of fire-guards fifty feet on each side of the track is the exercise of reasonable diligence, while, as to it, the burning of fire-guards one hundred and forty feet or even one hundred and ninety feet on each side of its track, may not be the exercise of reasonable diligence. It is reasonable diligence to burn the narrower width in the case of the narrower rights of way, because the companies cannot burn beyond their rights of way without incurring the penalties of trespass upon private grounds. In such cases the burning of a fire-guard to the limits of the right of way may be regarded as reasonable diligence, even though it be not effectual to prevent the spread of fire.

However, it is urged that the allegations of the petition as to the proximate cause of the fire are not allegations of negligence in allowing the accumulation of combustible material upon the right of way, but are allegations of negligence in the use of defective appliances to prevent the escape of fire and in the careless and negligent management of the locomotive by the employees. It is urged that the petition makes no claim of negligence as to the growth or accumulation of combustible material upon the right of way, except as a cause secondary to the negligent use of defective machinery and negligent train management, by the employees. In other words, it is claimed that, according to the petition, the growth or accumulation of combustible material upon the right of way was

2. Petition held to allege certain facts.

not negligence, except as defective machinery and unskilful train management, made it such; and, inasmuch as the jury found the company guiltless of negligence in respect to its locomotives and the employees managing it, no recovery can be had.

We hardly need to invoke the rule, declared in section 115 of the Code, that the allegations of a pleading should be liberally construed with a view to promote substantial justice between the parties, to show that the defendant in error is mistaken in its interpretation of this petition; but, certainly, under the requirements of that provision, it cannot be said that the plaintiffs meant to defend their charge of negligence as to combustible material upon the right of way upon their charge of negligence as to defective machinery and unskilful train management, or meant to allege one as the primary and the other as the secondary cause of the fire. Such interpretation would be strained and harsh rather than liberal and benignant.

The petition alleged against the defendant, first, negligent management of the train, and lack of suitable means to prevent the escape of fire; and, second, negligence in allowing combustible material to accumulate on the right of way, "so that by reason of its carelessness and negligence *as aforesaid* [evidently referring to all the specified acts of negligence] fire escaped from said engine of said company and set fire to the dead and dry grass," etc. The stress of argument for defendant in error as to the construction of these allegations is laid upon the clause — "Fire escaped from the engine." This it is contended limits the allegations of negligence to the escape of the fire from the engine, and is not inclusive of the causes of the spread of the fire after it escaped. Grammatically this is perhaps true, but in the evident intent of the

pleader it is not true.   The making of an allegation
of negligence in allowing the accumulation of dry
grass, etc., on the right of way must be attributed to
some reasonable design upon the part of the pleader,
and it can be attributed to no such design unless we
construe it as the statement of a proximate cause of
the escape of the fire.   If the pleader intended to
limit his statement of proximate causes to his allega-
tions of defective machinery and unskilful train man-
agement, no need then to allege negligence in allowing
combustible material to accumulate on the right of
way.   The defendant would be liable for the negli-
gent escape of the fire from the engine, whether such
fire blew entirely across the right of way and far be-
yond it, before igniting the dry grass, or whether it
fell immediately by the side of the track and from
thence ignited and spread.   If injury result from a
particular act of negligence as a proximate cause, no
need then to characterize the secondary and interven-
ing causes as negligent.   They are not negligent with
respect to liability for the effect produced through
their agency.   The fact that the petition in this case
charges the accumulation of combustible material on
the right of way, as negligence, justifies us, in the
liberal view that must be taken of pleadings in order
to give effect to the intent of the pleader, in holding
that it was intended as an allegation of primary cause
of the fire.

The jury found that an "unusually high wind"
was blowing at the time of the escape of the fire.
What an unusually high wind is, with respect to the
duty of railroad companies in guarding against the
escape of fire, we do not know.   The jury found a
general verdict against the defendant, notwithstand-
ing the blowing of this kind of wind, and it must,

therefore, be assumed that such wind was not of such character as to absolve the railroad company from liability for the escape of the fire.

The judgment of the Court of Appeals is reversed, and that of the District Court is affirmed.