The Union Pacific Railway Company v. John Motzner.

### No. 156.

1. Practice, District Court—*Jurors— Challenge for Cause.* Before a trial court is justified in sustaining a challenge to a juror on account of a suspicion of prejudice, it must be made to appear from the examination that there is just cause therefor.

2. Practice, Courts of Appeals—*Assignments of Error—Compliance with Rules.* This court will not examine at length assignments of error on the alleged erroneous exclusion or admission of evidence, unless there is an apparent effort to comply with the rule of practice in setting out such evidence.

3. Practice, District Court—*Continuance— Formal Amendment of Pleading.* A party is not entitled, as a matter of right, to a continuance during the course of a trial simply on account of a formal amendment of the petition.

Error from Russell district court; Lee Monroe, judge. Opinion filed December 22, 1898. Affirmed.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

*Wm. B. Sutton,* and *Geo. W. Holland,* for defendant in error.

The opinion of the court was delivered by

McElroy, J.: This action was originally brought on the 4th of October, 1890, by John Motzner against

the Union Pacific Railway Company in the district court of Russell county, to recover damages for property destroyed by fire on the 28th of July, 1890. The plaintiff claimed that the fire was started from an engine belonging to the railway company, through the negligent management of the train and lack of suitable means to prevent the escape of fire, and by negligence in allowing combustible material to accumulate on the right of way, so that, by reason of its carelessness and negligence as aforesaid, fire escaped from said engine of the company and set fire to the dead and dry grass. A trial resulted in a judgment in favor of the plaintiff for $753.25 and costs of suit. The case was brought to this court for review, the judgment reversed, and a new trial ordered. ( *U. P. Rly. Co. v. Motzner*, 2 Kan. App. 342, 43 Pac. 785.) The plaintiff in his original petition alleged, among other things :

" That on or about the 28th day of July, A. D. 1890, the said defendant, while moving one of its trains on its road in Russell county, managed its train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine that was used in moving the train, . . . and the said defendant carelessly and negligently permitted dead and dried grass and other combustible material to collect and remain on the right of way and land of said defendant, and also allowed dead and dried grass and other combustible material to collect and remain near the track of the road of said defendant, so that, by reason of the said carelessness and negligence hereinbefore set forth, fire escaped from the engine and set fire to the dead and dried grass and other combustible materials on the right of way and land of said company."

Before the case was again called for trial, on the 9th of July, 1895, the plaintiff filed an amended petition,

Railway Co. v. Motzner.

in which he claimed that this damage was caused by the mismanagement of the train, the failure to employ suitable means to prevent the escape of fire from the engine, and negligence on the part of the railway company in caring for its right of way.   A trial was had under the amended petition on the 2d of July, 1897, and verdict rendered in favor of the plaintiff for $507, and costs of suit.   The defendant's motion for a new trial was overruled, and the case is presented to this court for review.

It is first claimed that the court erred in overruling the challenge to the juror Andrew Perano.   Upon the whole examination of the juror, he appears to have shown himself competent to sit on the trial of the case ; he had no prejudice against the defendant ; he appears to have possessed a very imperfect knowledge of the law applicable to such causes, but it is of course the duty of the trial court to inform the jury as to the law. Apparently there were no just reasons for a suspicion of prejudice on the part of the juror.   The challenge was properly overruled.

The second contention is that the court erred in the admission, the refusal to strike out and the rejection of evidence.   The plaintiff in error in its brief fails to quote the full substance of the evidence alleged to have been erroneously admitted or rejected.   There is no attempt to comply with the rules of practice in this regard, and we therefore decline to examine at length the alleged errors in this respect.

After the case was returned to the trial court, the plaintiff, on May 9, 1896, by permission, amended his petition in some formal matters, but the amended petition set out no new or additional causes of action. In his amended petition he alleged, among other things :

"On or about the 28th day of July, 1890, the said

defendant, while moving one of its trains on its road in Russell county, managed its train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from its engine that was used in moving the train,  . . .  and the said defendant carelessly and negligently permitted dead and dried grass and other combustible materials to collect and remain on the right of way and lands of said defendant, and also allowed dead and dried grass and other combustible materials to remain and collect near the track of the road of said defendant, so that, by reason of the said carelessness and negligence heretofore set forth, fire escaped from the engine  . . .  and set fire to the dead and dry grass and other combustible materials which defendant had carelessly and negligently permitted to accumulate and remain on the right of way and lands of said company.''

There were no additional causes of action set out in the amended petition, but plaintiff sought to recover for other items of property damaged. All such additional items were excluded from the consideration of the jury on the trial. The cause of action was not barred by the statute of limitations. It was brought within less than two years from the date of the fire. The original petition stated the same cause of action as that on which plaintiff was permitted to recover. ( *Buck v. Railway Co.*, 59 Kan. 328, 52 Pac. 866.)

It is next contended that the court erred in permitting the plaintiff to amend his petition and in refusing the defendant a continuance. The amendment was of a formal nature only, for the purpose of showing the location of the property alleged to have been destroyed by fire. The court properly permitted the amendment and there was no sufficient showing to entitle the defendant to a continuance by reason thereof. There was no error in the refusal of the court to submit instructions asked by the defendant. The instructions

refused were embodied in the court's general charge
to the jury so far as applicable.   Under the contention
that the court erred in instructing the jury, the plain-
tiff fails to point out any particular erroneous declara-
tion in the instructions given to the jury.   We have
examined them very carefully, and are unable to
discover any prejudicial error therein.   They appear
to be fair, full, and complete, and free from just
criticism.   It follows that the court properly overruled
the motion for a new trial.

The judgment is affirmed.