### THE UNION PACIFIC RAILWAY COMPANY v. ROBERT SHANNON.

1. JURY; *Verdict; Particular Knowledge.* A jury are not to use their own judgment in making up a verdict upon a subject calling for particular knowledge or experience, not within the general knowledge they have in common with the rest of mankind.

2. SPECIAL FINDING, *Without Evidence; Effect on General Verdict.* Where a jury, in an important special finding, disregard all of the testimony introduced, and make a finding upon a subject calling for particular knowledge or experience, without any evidence to support it, such finding not only affects the other special findings, but may also affect the correctness of the general verdict, when the evidence in the case is conflicting.

*Error from Leavenworth District Court.*

THE opinion states the nature of the action, and the facts. September 29, 1883, judgment for plaintiff *Shannon*. The defendant company brings the case here.

*J. P. Usher,* and *Chas. Monroe,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the defendant in error, plaintiff below, against the railway company, to recover the sum of $176, being the value of seven head of

cattle alleged to have been wrongfully and negligently killed by the railway company at the crossing of a public road. The jury found a verdict for the plaintiff below, and also returned special findings of fact. Among the special findings of fact were the following:

"Did the engineer of the train blow the whistle of the locomotive eighty rods west of the crossing where plaintiff's cattle were struck, on the occasion of the injury? A. No.

"As soon as the engineer saw the cattle, did he apply the air brakes on his engine, and reverse the engine? A. No.

"What is the shortest distance in which this engine could have been stopped at the speed it was going at the time of the injury? A. 350 to 375 feet."

The evidence upon the question, whether the whistle was sounded eighty rods west of the crossing where the cattle were struck, was conflicting. The engineer testified, among other things, "As soon as he saw the stock, he immediately put on the air brakes and reversed the engine, and stopped in about 300 yards." We do not find in the record any evidence conflicting with this. The engineer also testified, "That the speed of the train was forty-five miles an hour; that he stopped the train in about 300 yards; that this was the quickest a train of that kind, going at the speed it was, could be stopped." There was no testimony contradicting this statement, and no other witness testified within what space an engine could be stopped, going at the speed this engine was. The jury, therefore, not only disregarded the testimony of the engineer concerning the distance in which he might have stopped the engine, but made the finding that the engine could have been stopped in from 350 to 375 feet without any evidence whatever. This they had no right to do. As this finding, which was important as tending to establish negligence on the part of the railway company, was made without evidence, it affects all the findings, as it goes to show that the jury were determined to make the findings, regardless of the evidence, so as to sustain a general verdict against the railway company. It also affects the general verdict, because if important special findings of fact are made by a jury without the support of

evidence, it cannot be said that their general verdict, upon conflicting evidence, is entitled to much confidence.

Counsel for plaintiff below suggest, however, that the jury "had the right to apply their own common sense and knowledge to the matter," and therefore they had the right to say, of their own knowledge, "That the engine could have been stopped within 350 or 375 feet." It was decided in *Missouri River Railroad Co. v. Richards*, 8 Kas. 101, that "the jury are always in a case, to use the knowledge and experience they are supposed to possess in common with the generality of mankind in making up a verdict;" and it was further decided in *Anthony v. Stinson*, 4 Kas. 211, that "the jury cannot be required by the court to accept, as matter of law, the conclusions of witnesses." These decisions are not controlling in this case. It is not within the general knowledge of persons, in what space an engine or train can be stopped, going at the speed of forty-five miles an hour, and equipped with the appliances as the one operated by the company at the time of the accident. To determine how long it takes to stop an engine or train requires experience in the running of trains, and in checking their speed, or opportunities on the part of a person giving opinion thereof to speak as an expert. (*Railway Co. v. Stewart*, 30 Kas. 226.) This was not a subject upon which the jury could use their own judgment, and if any one of the jury had any particular knowledge on the subject, he ought to have been sworn and examined as a witness. (*Railroad Co. v. Van Steinberg*, 17 Mich. 105; *Rex v. Rosser*, 7 C. & P. 803 [648] — 32 E. C. L. 670; *Railroad Co. v. Richards*, supra.) ·

The complaint is not that the jury disregarded the opinion and statement of the engineer in the finding within what space an engine could be stopped, but it is that the jury not only ignored such testimony, but made their finding without any evidence to support it.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.