THE UNION PACIFIC RAILWAY COMPANY v. SHANNON.

1. ANSWER, *Equivalent to Denial.* Where the jury, to a question submitted to them, answer "We do not know," such an answer is equivalent to a simple denial. (*Morrow v. Comm'rs of Saline Co.*, 21 Kas. 484.)

2. FINDINGS, *Should be Set Aside, When.* Where the findings are not supported by direct evidence, and can be upheld only by presumptions based upon incomplete proof, and are contradicted by positive evidence, and inferentially by the admissions of the party in whose favor they are found, they should be set aside.

*Error from Leavenworth District Court.*

ACTION by *Shannon* against *The Railway Company* to recover the value of seven head of cattle alleged to have been wrongfully and negligently killed by the defendant company. On May 1, 1886, judgment was rendered for the plaintiff. *The Company* brings the case here. The facts appear in *U. P. Rly. Co. v. Shannon*, 33 Kas. 446, and in the opinion, *infra*.

*A. L. Williams*, and *Chas. Monroe*, for plaintiff in error.

*Lucien Baker*, for defendant in error.

Opinion by HOLT, C.: This is the second time this case has been in this court. (33 Kas. 446.) Upon the retrial of the case there was a verdict for plaintiff, and judgment thereon. The jury answered the following questions of fact submitted by plaintiff:

"1. Did the engineer of the train blow the whistle of the locomotive eighty rods west of the public crossing where plaintiff's cattle were killed and injured? *Ans.:* No.

"2. As soon as the engineer saw the cattle, did he apply the brakes to stop the engine? A. No.

"3. Could the engineer in charge of the engine, from the time he saw the cattle upon the track, by the exercise of ordinary care and prudence have stopped the engine and train in time so as to have prevented the injury to the plaintiff's stock? A. Yes.

"4. Could the engineer in charge, by the exercise of ordinary diligence and care, have seen the cattle upon the crossing before the whistling-post immediately west of the crossing was reached? A. Yes."

These questions and answers are sufficient of themselves, with the admissions of the defendant, to sustain the judgment rendered by the court; but in connection with the first question and answer, it is also found by the jury upon questions submitted by the defendant as follows:

"27. When the train was eighty rods west of the crossing when plaintiff's cattle were struck, could he then have prevented his cattle from being struck? A. The plaintiff could not."

"29. As the plaintiff and his cattle were situated when the train was eighty rods west of the crossing, could a whistle blown upon the locomotive have prevented the injury? A. We do not know."

Upon the authority of *Morrow v. Comm'rs of Saline Co.*, 21 Kas. 484, we are compelled to hold that although it might have been negligence on the part of the defendant company not to have blown the whistle at the whistling-post, yet under

the answers of the jury it did not contribute to the injuries sustained, and therefore the omission to blow the whistle was unimportant in this case.

Findings two and three are challenged upon the ground that they are not supported by the evidence. The engineer himself testified:

"As soon as I saw the stock, I immediately put on the air-brakes and reversed the engine, and stopped in about three hundred yards. . . . After I first saw the cattle it would have been impossible to have stopped the train before it reached them."

There is no positive testimony to contradict his statement; it can be done only from an inference drawn from other portions of the testimony. The answer to the other question submitted by plaintiff is also claimed to be without evidence to support it. The engineer also testified in this connection:

"After I had passed the whistling-post I saw the cattle come upon the track; they were running, and were all bunched together, the fore feet of some of them on the backs of others. When I first saw them I think I was about eighty yards from the crossing. I had seen one cow go across the track just before, but there were no others in sight, and I did not know there was any more stock about there."

The testimony in the case shows that the east-bound train on the Union Pacific railroad struck the cattle at a public crossing near Lenape, and that west of the crossing the track extends in a straight line about a mile; that the plaintiff was south of the railroad, driving his cattle north along a public road which crossed the track; on the west side of the road along which he was driving his cattle was a high hedge fence, and west of the fence was a field of corn; the hedge fence extended up to the right-of-way of the railroad company; the plaintiff had about fifty head of cattle, and was driving them along leisurely at the rate of about two miles an hour; the herd was somewhat stretched out, and he himself was some fifteen paces behind the last one; he did not see the engine or know of its approach until the train was within fifty or sixty yards of the crossing; he attempted to go around the cattle

to drive them from the track, but was unable to do so before the cattle in question were killed. There is some testimony tending to show that some of the cattle had crossed the track to the north, and were some little distance from the track. The plaintiff testified in the former trial that when he first saw the engine the foremost cattle of the herd were upon the track; and when he was asked at this trial if such was his testimony in the first trial, his attorney admitted it was, and added that he stated that to be the fact now. There is no other proof that the cattle, just at the time they were struck, were running upon and trying to cross the track.

Now the sole question to be decided in this case is, whether the findings of fact numbered 2, 3 and 4, submitted by the plaintiff, are sustained by the evidence. We do not believe they are, even by a fair construction of the plaintiff's own testimony in the case. The fact that he said that the foremost cattle were upon the track when he first saw the smoke only sixty yards from the crossing, would seem to indicate that the engineer could not have seen the cattle upon the crossing before the whistling-post was reached. It is established by the testimony that until the cattle got beyond the line of the hedge fence beyond the corn in the field, they could not have been seen from the railroad at any considerable distance west of the crossing; they must have been upon the right-of-way before they could have been discovered by the engineer of the approaching train.

We believe the findings of the jury were not sustained by the evidence in this case, and we recommend that the judgment based thereon be reversed.

By the Court: It is so ordered.

All the Justices concurring.