THE FORT SCOTT, WICHITA & WESTERN RAILWAY COMPANY V. M. C. TUBBS.

1. FIRE *Set by Locomotive—Pleading and Proof.* In an action against a railway company for damages by fire caused by the operation of such railway, under ¶ 1321 of the General Statutes of 1889, it is only necessary to allege and prove that the fire complained of was caused by the operation of the defendant's railway, to make out a *prima facie* case.

2. INSTRUCTION — *No Error.* Instruction given and refused considered, and found that the trial court committed no error.

3. PETITION—*Findings—Verdict—Case, Distinguished.* Where the plaintiff alleged in his petition that the negligence of the defendant consisted in the omission to keep its roadway clean, and that it negligently allowed dry grass to accumulate and remain on the line of its right-of-way, and the jury returned a special finding that the fire was caused by defective engine, in allowing coals of fire to drop from the fire-box and ignite the dry grass on the right-of-way, *held*, that the special finding and general verdict of the jury were in accord with the allegations of the petition, notwithstanding the fact that the petition contained no statement charging that the engine was defective. The case of *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kas. 543, distinguished.

4. ——— *Contributory Negligence.* In an action under ¶ 1321 of the General Statutes, the plaintiff is not chargeable with contributory negligence for a mere failure to take precautions against the negligence of the defendant.

5. ATTORNEY'S FEE—*Demand—Jury.* Where the plaintiff desires to recover an attorney's fee, in an action instituted under ¶ 1321 of the General Statutes, he should demand the same in his petition; and when the case is tried by a jury, the question of attorney's fee should be submitted, with the other facts in the case, to the jury.

*Error from Greenwood District Court.*

ACTION by *Tubbs* against the *Railway Company*, to recover damages by fire claimed to have been caused by defendant's negligence. Verdict and judgment for plaintiff. The defendant comes to this court.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error; *D. B. Fuller*, of counsel.

*R. C. Summers*, for defendant in error.

Opinion by GREEN, C.: This was an action brought by M. C. Tubbs in the district court of Greenwood county against the Fort Scott, Wichita & Western Railway Company, for damages by fire, caused, as is claimed, by the negligence of the defendant in the operation of its railroad. The plaintiff alleged that he owned a half-section of land which he used exclusively for the grass grown thereon for hay, and expected to use all of said land for that purpose except about 40 acres, as such land was well adapted for the growing of hay. The negligence of the defendant is stated as follows:

" Plaintiff says that defendant's line of railway runs through, over and across the north part of said plaintiff's land described, and that on the 29th day of October, 1887, the said defendant, contrary to its duty, and negligently and carelessly, omitted to keep its right-of-way on plaintiff's land and on the adjoining land clear and clean of dry grass, weeds, and other combustible material, and on the contrary, negligently and carelessly allowed dry grass, weeds and other combustible material to accumulate and remain on said right-of-way of said defendant's railway, and neglected to plow a fire-guard along said line of railway, and on said right-of-way across plaintiff's land, and across the adjoining land, to prevent the spread of fire, or damage therefrom, in the operation of its said line of railroad; that on the 29th day of October, 1887, the defendant, in operating its line of railway, and running its engines and cars on said line of railway in Greenwood county, Kansas, by and through its servants, employés, and agents, in thereby operating and running said cars and engines thereon, in said

county and state, negligently and carelessly permitted said engine of defendant to cast out or emit sparks and coals of fire therefrom, into the dry grass and weeds and other combustible material on defendant's right-of-way, thereby setting out fire and setting fire thereto, and carelessly and negligently allowing the fire thus set out on defendant's right-of-way to escape and spread therefrom to other lands, and finally to plaintiff's land and meadow, thereby burning and injuring plaintiff's meadow, greatly damaging plaintiff, in the sum of $1 per acre, or the total sum of $275, and without any fault or negligence on the part of this plaintiff, on account of said fire.

"Wherefore, plaintiff asks judgment against defendant in the just sum of $275 and costs of suit, and for $50 attorney fees, and all other proper relief."

The railway company filed a motion to make this petition more definite and certain: (1) By stating wherein the meadow was damaged; (2) by stating how much, if anything, plaintiff claimed for the burning of the hay growing upon the land; (3) by stating whether damages were claimed for the burning of the hay growing upon the land at the time of the fire; (4) by stating in what manner the land was damaged, if damages were claimed for injury to the realty. This motion was overruled, and exceptions taken. The defendant then filed a general demurrer to the petition, which was also overruled. The defendant afterward filed a general denial, and also set up contributory negligence. At the January term, 1889, a trial was had by the court and a jury, and a verdict was returned in favor of the plaintiff for $85. After the return of the verdict, over the objection of the defendant, the plaintiff offered evidence to the court as to the value of attorney's fees in the case, and the court allowed the plaintiff $50 as such attorney's fees. Judgment was rendered for the plaintiff for $135 and costs. A motion for a new trial was filed and overruled.

Six questions are presented by this record: 1st, Did the court err in overruling the motion of the defendant to require the plaintiff to make his petition more definite and certain? 2d, Did the court err in its instructions to the jury? 3d, Did the court err in refusing certain instructions asked by the de-

fendant? 4th, Did the court render judgment upon a cause of action not made by the pleadings? 5th, Should judgment have been rendered upon the special findings in favor of the defendant? 6th, Did the court err in rendering judgment against the defendant for attorney's fees?

We must answer each one of these questions in the negative, except the last. As to the first, the petition was, we think, sufficient, under ¶ 1321 of the General Statutes of 1889. It might have been more general as to the allegations of damages than it was, and still been good under the statute.

1. Fire set by locomotive— pleading and proof.

As to the instructions given with reference to the measure of damages, complaint is made of the following paragraph:

"In case you find from the evidence that the plaintiff is entitled to recover in this case, you are instructed that the damages to be awarded him should be such as adequately to compensate him for the actual loss or injury sustained; and in determining the amount of injury, you should consider the nature and character of the land in controversy, the uses to which it was put, the difference, if any, in its rental value; and you may also allow interest on such damage, if any you find, from the date of the loss to the present time, at the rate of 7 per cent."

It is urged that this instruction was misleading; that under no circumstances would the plaintiff be entitled to recover the difference between the value of the land before and after the fire and also the difference in the rental value. Perhaps the decrease in the rental value of the land forms the better and more certain rule by which the damages may be estimated; still the principle has been established, that where the injury is done to the real estate itself, the damages may be measured by the difference in the value of the land before and after the trespass; and, in several cases, the amount necessary to restore the property to the condition in which it was before the trespass is a proper measure of damage. (5 Am. & Eng. Encyc. of Law, p. 36; *Wiley v. Hunter,* 57 Vt. 479; *Carli v. Depot &c. Co.,* 32 Minn. 101; *Vermilya v. Chicago &c. Rly. Co.,* 66

2. Instruction—
no error.

Iowa, 606.) It is evident from the amount of the verdict that the jury were not misled by the instruction, and hence no prejudicial error was committed.

Upon the third question, complaint is made that the court should have instructed, as requested by the defendant, that the plaintiff could not recover unless the injury complained of was permanent in its nature, although he may have sustained other damages as the result of the fire. The plaintiff did not allege that his meadow was permanently damaged, and the evidence was to the effect that it would take from one to three years to restore the grass to the condition it was in before the fire; so it would not be proper to characterize the injuries as permanent. We think the instruction was properly refused.

As to the fourth question, it will be observed, by a reference to the allegations of this petition, that the plaintiff alleged carelessness in failing to keep the right-of-way free from grass and other combustible material, and the negligence of the servants of the railway in operating and running its cars and engines. As to the allegation of negligence, the jury made the following special findings of fact:

"Ques. 1. Did the fire escape by accident? Ans. Don't know.

"Q. 2. Did the fire escape because of the negligence of the employés of defendant while operating defendant's train? A. We do not know.

"Q. 3. Did the fire escape by reason of the engine being out of order? A. We think so.

"Q. 4. State specifically what negligence defendant was guilty of, upon which the jury base the verdict—whether defective engine, condition of right-of-way, or negligence of its servants in operating the train, or all. State fully in what such negligence, if any, consisted. A. By defective engine, in allowing coals of fire to drop from fire-box and ignite the dry grass on the right-of-way."

The point is now made that the jury specially found that the negligence upon which the verdict is based was a defective engine, and there being no allegation of the kind in the petition, the judgment of the district court was rendered upon a

case not made by the pleadings. The case of *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kas. 543, is relied upon as being precisely in point. If the present statute (¶ 1321 of Gen. Stat. of 1889) had been in force when the injuries in that case occurred, or when that action was brought, or when the issues in that action were made up, or if the jury had returned the same answers in this case that were returned in that, the posi-

3. Petition—findings—verdict —case, distinguished.

tion of counsel for plaintiff in error might be correct. But in all these particulars this case differs from that. The Fudge case was decided, or at least intended to be decided, under the old law and not under the present law, as embodied in the aforesaid ¶ 1321 of the General Statutes of 1889. And further: In the Fudge case the jury said that the fire escaped either by the negligence of the servants of the railway company or a defect in the engine; in this case, by defective engine, in allowing coals of fire to drop from the fire-box and ignite the dry grass on the right-of-way. The defect in the engine might have been harmless if there had been no dry grass on the right-of-way. Coals, ashes and cinders are removed from the fire-box of engines upon the right-of-way, but this is usually done where there is no combustible matter to be ignited. The simple dropping of coals from the fire-box might not be a defect in an engine. We think there is sufficient in the special findings, taken in connection with the general findings of the jury, to bring the verdict and judgment within the first paragraph of plaintiff's petition.

As to the fifth question, the plaintiff in error contends that the answers of the jury establish the fact that the railroad company was not guilty of the negligence alleged in the petition. This position, as we have seen, is not tenable, for the reason that the coals of fire dropped from the fire-box and set fire to the dry grass on the right-of-way. It is further urged, that the findings show that the plaintiff was guilty of contributory negligence, for the reason that he did nothing to prevent the spread of fire upon his land. Where a party uses his land as a reasonably prudent man should, and for the purposes for

4. Contributory negligence.  which it is adapted, he is not chargeable with contributory negligence for a failure to take precautions against the negligence of a railway company. ( 8 Am. & Eng. Encyc. of Law, 16.)   Chapter 155 of the Laws of 1885 established the rule that the occurrence of a fire caused by the operation of a railroad is *prima facie* evidence of negligence; so that a mere finding of the jury that the plaintiff did nothing to protect his land would not make him guilty of contributory negligence.   In *Philadelphia &c. Co. v. Hendrickson*, 80 Pa. St. 182, Chief Justice Agnew stated the rule under the common-law liability as follows:

"The conclusion from the case is very clear, that a plaintiff is not responsible for the mere condition of his premises lying along a railroad, but in order to be held for contributory negligence must have done some act or omitted some duty which is the proximate cause of his injury, concurring with the negligence of the company.   Farmers may cultivate, use and possess their farms and improvements in the manner customary among farmers, and are not bound to use unusual means to guard against the negligence of a railroad company; indeed, are not bound to expect that the company will be guilty of negligence."

The same court subsequently held —

"That it was not contributory negligence for the owner of land along the line of a railroad to allow the accumulation of leaves, brushwood and other rubbish on his property.   Such an owner of property must run the risk of fires necessarily following the lawful and proper use of the railroad company's locomotives; but that he must guard, in any way or by any means, against the improper or unlawful use of locomotives, is a proposition that cannot be sustained." (*Philadelphia &c. Co. v. Schultz*, 93 Pa. St. 341.)

We are not prepared to say that this would be the correct rule in states subject to prairie fires, but it shows the extent to which some courts have gone upon the question of contributory negligence.   In this case we are clearly satisfied that the findings of the jury did not establish contributory negligence.

The last question we shall have to answer in the affirmative.   After the jury had returned a verdict the plaintiff asked

St. L. & S. F. Rly. Co. v. Snaveley.

the court to assess the amount plaintiff was entitled to as attorney's fees.   This was error.   The question of attorney's fees was one of the issuable facts in the case, and
5. Attorney's fee
—demand—
jury.
should have been submitted with the other facts to the jury and been determined in the same way. (*Mo. Pac. Rly. Co. v. Merrill*, 40 Kas. 404; *Ft. S. W. & W. Rly. Co. v. Karracker*, 46 id. 511.)   It is recommended that the judgment of the district court be modified by striking out the $50 allowed as attorney's fees, that the judgment for $85, based upon the verdict of the jury, be affirmed, and that the costs of this court be equally divided between the parties to this action.

By the Court: It is so ordered.

All the Justices concurring.