ALDACE F. WALKER AND JOHN J. McCOOK, *Receivers of the Atchison, Topeka & Santa Fe Railroad Company*, v. W. B. KENDALL.

### No. 241.

PLEADING AND PRACTICE—*Fire Damage by Operation of Railroad—Allegations of Petition—Burden of Proof*.   Under the facts of this case as stated in the opinion, it is *held*, that notwithstanding the petition contained specific allegations as to the negligence of the defendants respecting a railroad engine and its operation, whereby a fire, resulting in damage to the plaintiff, was caused, it was not necessary to prove such allegations, and that an instruction that such proof was not required was not erroneous; and further *held*, that the burden was upon the defendants to disprove their negligence in respect to the engine and its operation.

Error from Stafford district court; ANSEL R. CLARK, judge.    Opinion filed August 19, 1898.    Affirmed.

*A. A. Hurd*, *W. Littlefield*, and *O. J. Wood*, for plaintiffs in error.

*G. W. Nimocks*, and *Moseley & Dixon*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by W. B. Kendall against Aldace F. Walker and John J. McCook, as receivers of the Atchison, Topeka & Santa Fe Railroad Company, to recover damages occasioned by a fire. The petition alleged that the defendants, while operating the railroad in and through Stafford county, did so carelessly and negligently manage and conduct one of their trains and engines that fire was permitted to escape from the engine and to ignite grass and stubble, so that a fire sprang up and spread through and upon the lands of the plaintiff, destroying a large amount of hay and other property.

The particular allegations of negligence are as follows : ( 1 ) That the engine was not equipped with the latest appliances for the prevention of the escape of fire from its smoke-stack ; ( 2 ) that the engine was carelessly handled by the engineer and fireman, in that they forced air or steam through the smoke-stack of the engine in a violent manner, causing live coals to be driven therefrom and to a distance of 180 feet from the railroad track ; ( 3 ) that the ash-pan of the engine was not in good order and was in such condition as to permit the escape of fire ; that the exact nature of the defect in the smoke-stack and the ash-pan of the engine was unknown to the plaintiff, but that the engine was so carelessly handled and man-

Walker v. Kendall.

aged by the employees in charge thereof that the fire escaped from the ash-pan and the smoke-stack, causing the damage complained of.

The jury returned a general verdict in favor of the plaintiff for $495.97 as damages, and the further sum of $125 as attorney's fees.  They also returned answers to special questions of fact propounded by the defendants.  Counsel for plaintiffs in error base their argument on the following proposition :

"The statutory or legal presumption of negligence having been rebutted by direct, positive, uncontradicted and unimpeached testimony, there was no right of recovery in the plaintiff below, and the verdict and judgment are contrary to the law and the evidence."

The fire occurred on December 20, 1894, the weather being excessively dry and the wind very strong from the south or southwest.  A few minutes after engine No. 512, drawing a freight-train, had passed a point near a bridge about two miles west of St. John, a section-hand saw that the grass was on fire.  The fire started about 180 feet north of the track.  The section men had been ordered to keep a sharp lookout for fires. The engineer had also been cautioned and instructed to exercise great care.  The jury found that the engine was in good repair and fitted with standard and approved, but not the latest, appliances to prevent the escape of fire, and that Trinidad coal was being used to fire the engine, because it was safer than other coal so far as spreading fire was concerned.  Among the findings are the following :

"10.  Was Mullins the engineer who handled engine No. 512 on December 20, 1894?  A.  Yes.

"11.  Was he not a competent and experienced engineer?  A.  No.

"14.  Did not Mullins run said engine and handle

it with great care on December 20, 1894, to avoid spreading fire? A. Yes.

"15. Was not Dunlap the fireman on engine No. 512 December 20, 1894? A. Yes.

"15½. Was he not a careful and competent fireman? A. Careful; not competent.

"16. Did not Dunlap perform his duties carefully on December 20, 1894, when this train passed west of St. John? A. Yes.

"19. If Mullins, Dunlap or Burnett were guilty of any negligence in the performance of their duty, state what fact or facts of duty they neglected to perform on December 20, 1894. A. We don't know.

"42. Did not defendant exercise due and ordinary care to prevent the escape of fire from this engine on December 20, 1894? A. No."

Counsel for plaintiffs in error say that as the petition did not allege that the engineer and fireman in charge of the engine were incompetent or inexperienced, the plaintiff was not entitled to recover upon the ground of their incompetency, even if it had been proven. This contention leads to the consideration of two questions. The first question relates to the petition in an action of this character. Section 32, chapter 70, General Statutes of 1897, reads:

"In all actions against any railway company organized or doing business in this state, for damages by fire caused by the operating of said railroad, it shall be only necessary for the plaintiff in said action to establish the fact that said fire complained of was caused by the operating of said railroad, and the amount of his damages (which proof shall be *prima facie* evidence of negligence on the part of said railroad) ; provided, that in estimating the damages under this act, the contributory negligence of the plaintiff shall be taken into consideration."

In *Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 Kan. 630, it was held that, in an action for the recovery of dam-

ages under the foregoing section, it is only necessary for the plaintiff to allege and prove that the fire complained of was caused by the defendant railway to make out a *prima facie* case. In the present case the plaintiff made no effort to prove the allegations of negligence set forth in the petition. It is not contended that the fire was not set out by the engine, but that the special findings of fact show conclusively that the fire did not result from the negligence of defendants. We think it was not incumbent on the plaintiff to prove negligence, and that it was incumbent on the defendants to meet the statutory presumption in all its phases. In other words, the burden of proving the entire absence of negligence was upon the defendant, and whether or not such proof was made was for the jury to decide. This brings us to the question as to the nature of the proof required on their part.

If the allegations of the petition as to the negligence of the defendants be regarded as a tender of all the issues to be tried in the case respecting negligence, it will be readily seen that the general verdict is overthrown by the special findings. It is clear that if the petition alleged the damage to have resulted from negligent operation of the railroad, it would have been necessary for the defendants to have shown that the employees operating the engine were competent and skilful, that they were operating the engine in a proper and careful manner at the time the fire escaped, that the engine was properly constructed and in good repair, and that it was provided with approved and recognized appliances for the prevention of the escape of live coals. Did the fact that unnecessary allegations, which the plaintiff did not attempt to prove, were contained in the petition relieve the defendants from the

necessity of proving the four particular matters we have-just mentioned? We think not, for these reasons : The defendants excepted to each and all of the instructions given to the jury and to the failure of the court to give certain instructions offered by the defendants. The specification of errors in the petition in error and in the brief of plaintiffs in error assigns such giving and such refusal to give instructions as grounds of error, but none of the instructions given are mentioned in their brief, while the instructions which were refused, although referred to in the brief, are not set forth therein. We discover no error in the refusal to give the instructions. The errors, if any, in the instructions given have been waived, and such instructions are the law of the case so far as the present inquiry is concerned. The court stated the principal allegations of the petition, including all those respecting negligence, and, after quoting section 32, *supra*, said :

" The jury are instructed that the burden of proof is upon the plaintiff to prove by preponderance of the evidence the material allegations of his petition, excepting the allegation therein that the fire in question was caused by the negligence of the defendant.

And also gave the following instruction :

" In an action against the railroad company for loss or damage suffered by the plaintiff by fire caused by defendant in the operation of its railroad, proof that the fire was so caused is *prima facie* evidence that it was so caused through the negligence of the railroad company, and it then devolved upon the railroad company to show not only that its appliances to prevent the escape of fire were of an approved character and in good order, and that its employees in charge of the engine were competent and skilful, but also that there was no mismanagement on the part of the employees which caused the fire." .

The last instruction is copied almost verbatim from the opinion in the case of *Ft. S. W. & W. Rld. Co. v. Karracker*, 46 Kan. 511.   We think that, under the foregoing instructions, it was for the jury to determine whether or not the defendants had performed their whole duty in the premises.   The findings show the jury did not regard the engineer and fireman as competent and skilful.   It is true that the only evidence bearing upon this question was that of the employees themselves, and that if such evidence had been given full weight and force by the jury a finding of competency on the part of the employees might have been made by the jury.   The jury saw the witnesses and heard them testify.

"The credibility of witnesses and the weight of their testimony, if competent, must rest with the jury and the trial court."   (*The State v. Plum*, 49 Kan. 679.)

We discover no such conflict between the special findings of fact and the general verdict as to require a reversal of the judgment.   The judgment of the district court is affirmed.