## The Missouri, Kansas & Texas Railway Company v. J. W. Garrison.

**No. 13,060.** ( 72 Pac. 225.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury by Fire—Pleading of Negligence.* In an action against a railway company for damages occasioned by fire, as against a motion to make more definite and certain, an allegation that the defendant, by and through its agents and employees in the use of the engine from which fire escaped and destroyed plaintiff's property, was careless and negligent in the operation of its railway, is not sufficient to support a finding of negligence in the use of a defective spark-arrester; and, in view of such finding, the overruling of such motion is material error.

Error from Anderson district court; C. A. SMART, judge. Opinion filed April 11, 1903. Reversed.

*T. N. Sedgwick*, for plaintiff in error.

*Clarence Davis*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: J. W. Garrison brought an action against the Missouri, Kansas & Texas Railway Company to recover damages for property destroyed by fire started by sparks from an engine of defendant, and recovered a judgment, which the railway company now seeks to have reversed. The only assignment of error it will be necessary to examine grows out of the overruling of a motion to make the petition more definite and certain. The only allegation of negligence in the petition was as follows, the same language being used in each of the two counts:

"The defendant, by and through its agents and employees in the use of said engine from which fire escaped and destroyed the property as aforesaid of this

40—66 KAN.

plaintiff, was careless and negligent in the operation of its railway.''

The defendant filed a motion asking that the plaintiff be required to make his petition more definite and certain by setting out specifically whether the negligence of the defendant consisted in using an engine defectively equipped with appliances to prevent the escape of sparks and coals of fire, or whether it was negligent in the management and handling of the engine at the time thé fire was communicated. The motion also asked, in effect, that the plaintiff be required to state whether he relied on negligence through failure to keep the right of way clear of combustible material. The court overruled this motion. The jury found specially that the negligence of the defendant consisted in the use of a defective spark-arrester.

The defendant in error, in support of the ruling of the trial court, argues that in such cases as this negligence need only be pleaded in general terms, and cites authorities to that effect. We shall assume this contention to be correct. Indeed, it was said in *St. L. & S. F. Rly. Co. v. Snaveley*, 47 Kan. 637, 28 Pac. 615, that in such a case negligence need not be pleaded at all, it being sufficient merely to allege that the fire was caused by the operation of the railroad, because, under the statute, that is all that need be proved. But when the pleader attempts to set out the specific negligence relied upon the ordinary rules of pleading obtain. If he alleges negligence of one kind, he cannot recover by showing negligence of a different sort. In *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543, 18 Pac. 720, it was held that an allegation that the employees of a railway company, ''in operating and running its engine . . . negligently and carelessly permitted said engine to cast out sparks, . . .''

would not justify a finding of negligence based upon a defective engine.   It is true it was intimated in *Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 Kan. 630, 28 Pac. 612, that when the opinion in the Fudge case was written the court had in mind that the statute of 1885, making proof that a fire was caused by the operation of a railroad *prima facie* evidence of negligence, did not apply, or the ruling might have been different. But in *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 42 Pac. 722, it was expressly held that, even under this statute, if the plaintiff sets out the specific negligence relied upon, he will be confined to it; and since in such case the allegations of negligence are not surplusage, but substantial parts of the pleading, to which the defendant has a right to look as defining the issues to be tried, they are subject to the same rules of construction as other material averments.

In the present case a motion to make the petition more definite and certain was proper, not because it was necessary in the first instance for plaintiff to set out the particular form of negligence relied on, nor because, having been more definite in his charge than was necessary, he may on that account be required to be yet more specific, but because, having elected to define the character of the negligence alleged, he was under an obligation to use plain and unambigous language for the purpose.   The motion was not a demand that plaintiff be required to add any new statements to his petition, but that he be required to disclose just what was meant by those he had already voluntarily made.   Either the part of the petition above quoted does not include a charge of negligence through the use of defective appliances at all, or it includes it, but only by a forced and unnatural construction.   Under the former view the motion was

properly overruled, but the petition as so construed could not sustain the judgment, as it was based upon a finding of that kind of negligence. As defendant in error is seeking to uphold the verdict based on such finding, the latter view is the more favorable for him, and the one he must be considered as adopting. In that view of the case the language used was so obscure that it should have been changed when attention was called to the obscurity by motion. Even in volunteer allegations the pleader may not seem to say one thing and recover on the theory that he meant another. He may not have the benefit of a hidden meaning. which he has refused to reveal upon invitation.

It was not error for the district court to overrule the motion to make definite and certain so far as it related to the matter of negligence through permitting the accumulation of inflammable material along or near the right of way, for the reason that the petition, as it stood, could by no possible construction be held to refer to that feature of the case, and would not support evidence in that line ; but we hold that, in view of the subsequent proceedings, it was material error to overrule the motion on the other ground —that already discussed.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

SMITH, GREENE, POLLOCK, BURCH, JJ., concurring.

JOHNSTON, C. J. (dissenting): Under the statute all that the plaintiff was required to allege or prove, in order to recover, was that the fire was caused by the operation of the defendant's railroad and the amount of his damages. (Gen. Stat. 1901, § 5923.) A presumption of negligence arises from the fact that the fire was

set out by the company in the operation of its road, and, therefore, neither averment nor proof of negligence was essential. The petition measured up to the requirement of the statute as it alleged in detail that the fire was set out by the defendant in the careless and negligent operation of its railroad. It was not necessary to state that the fire escaped from the engine, nor that the company was negligent in setting out the fire, but the fact that more was pleaded than was necessary is not a good ground for overthrowing a judgment. The fulness of the pleading may limit a plaintiff in his proof, and, also, as to the negligence for which a recovery may be had, but the fact that he pleaded too much does not require that he plead still more.

This case, as will be observed, does not turn on a variance between the pleading and the proof, nor because a recovery was allowed on one kind of negligence when another was pleaded, but because the petition was more specific than the law requires. The fact that it was more specific was a benefit to the defendant and this benefit ought not to be used as a club against its opponent. Under the rulings in this and other states a redundancy in allegations in fire cases is not a fatal defect. (*Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 Kan. 630, 28 Pac. 612; *St. L. & S. F. Rly. Co. v. Snaveley*, 47 id. 637, 28 Pac. 615; *Rose v. The Chicago & Northwestern R'y Co.*, 72 Iowa, 625, 34 N. W. 450; *Engle v. The Chicago M. & St. P. Ry. Co.*, 77 id. 661, 37 N. W. 6, 42 N. W. 512; *Campbell v. The Mo. Pac. R'y Co.*, 121 Mo. 340, 25 S. W. 936, 25 L. R. A. 175, 42 Am. St. Rep. 530.)

The company was not, and, of course, could not have been, hampered or embarrassed by the fact that the petition was more specific than was necessary.

It had full opportunity to meet the charge of negligence which was alleged, and it appears to have introduced a great deal of testimony tending to show that the engine was not defective and that the employees of the company were not negligent in operating it. The negligence which caused the injury was found to be in the engine from which the fire escaped and not on account of combustible material on the right of way. It appears, too, that the fire was communicated from the engine directly to the plaintiff's premises, and, hence, the scope of the inquiry was limited to the condition and use of the engine. The company offered to allow judgment to be taken against it for a certain amount, and I find nothing in the record which tends to show that it suffered any prejudice by the lack of a detailed statement of the negligence. It was not necessary for the plaintiff to prove negligence in general or in detail, and it is never necessary for a party to plead that which he need not prove.

Mr. Justice CUNNINGHAM concurs with me in this dissent.