## R. B. CROAN v. HENRY BADEN.

No. 14,399.    (85 Pac. 532.)

### SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Special Finding Construed.* Whether the answer "do not know" to a special question submitted to a jury is equivalent to "yes," or "no," depends upon the .form of the question answered. Generally such an answer shows that the party whose duty it was to establish the fact involved in the question has failed in his proof. In a case where it was the duty of the defendant to prove that Emma M. Carey did not sign a certain promissory note, and the jury, in answer to the question. "Did Emma M. Carey sign the note in question?" returned the answer "do not know," such answer was equivalent to "yes."

2. LIMITATION OF ACTIONS—*Statute as a Defense—Waiver.* The statute of limitations, to be available as a defense, must be affirmatively pleaded or otherwise asserted, and a failure to do so constitutes a waiver of such defense.

3. —————— *Conflict of Laws—When Foreign Law May Apply.* The laws of the state of Kansas relating to the limitation of actions apply exclusively in this state, except when the requirements of the statute permitting the law of another state or territory to be applied have been complied with.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 7, 1906. Affirmed.

*Ayres & Welch,* for plaintiff in error.

*J. H. Keith,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the court of Coffeyville, Montgomery county, Kansas, on the 29th day of August, 1900, by Henry Baden, a resident of that county, against R. B. Croan, a resident of the Indian Territory. The plaintiff recovered judgment May 11, 1901. The defendant took the case to the district court by petition in error, where the judgment was affirmed, and he now brings the case here for review.

The action was brought to recover on a promissory note. The petition was in ordinary form, with a copy of the note attached as an exhibit. The note reads:

"$735.                    "NOWATA, I. T., June 7, 1895.

"Sixty days after date we promise to pay to the order of Henry Baden, at Independence, Kan., seven hundred and thirty-five and no-100 dollars, with interest at the rate of ten per cent. per annum from date until paid; value received. Interest payable annually.

EMMA M. CAREY.<br>WM. V. CAREY.<br>R. B. CROAN."

Apparently for the purpose of avoiding the statute of limitations it was averred "that the said defendants, and each of them, have for more than one year since said note became due and payable resided in the Indian Territory, and out of the state of Kansas, and beyond the jurisdiction of this court."

The defendant was summoned in Montgomery county. He filed a verified answer, alleging: (1) A general denial; (2) that he had for more than eight years been a resident of the Indian Territory, and never had been a resident of Kansas; that the note was made, executed and delivered in the Indian Territory, and was barred by the laws of that place long before this action was commenced; (3) a failure of consideration.

The plaintiff for reply filed a general denial. The issues thus presented were tried to a jury of six men in the court of Coffeyville.

One of the material facts involved in the defendant's third defense was whether or not Emma M. Carey signed the note in question. The defendant claimed that he signed the note as surety, in consideration of the promise that she would also sign it; and that her name had been forged thereto. Special questions were submitted to, and answered by, the jury, which were in part as follow:

"Ques. State what the consideration [of the note] was? Ans. The amount of note.

"Q. What was the agreed consideration at the time·
the note was given? A. $735.

"Q. Did Emma M. Carey sign the note in question?
A. Do not know."

It is claimed that the answer "do not know" is.
equivalent to "no," and the case of *Kalina v. Railroad
Co.,* 69 Kan. 172, 76 Pac. 438, is cited as authority for
this contention. The decision, however, does not so
hold. The rule established by that and other cases is
that such an answer indicates that the party whose
duty it was to establish the fact involved in the ques-
tion has failed in his proof. Tested by this rule the
answer under consideration means "yes." The de-
fendant alleged and undertook to prove that Emma M.
Carey did not sign the note. The jury, after hearing
all the evidence on the subject, were unable to say that
she did not sign it, and therefore the presumption
that she did is not overthrown. The execution of the
note by the defendant is not controverted by the evi-
dence.

This disposes of all the questions presented in favor
of the plaintiff, Henry Baden, except the one relating
to the statute of limitations. It is argued by the plain-
tiff in error that when it appears from the face of the
petition that the cause of action is barred by the stat-
ute of limitations the plaintiff cannot recover, unless he
affirmatively removes the bar by his testimony. It is
further claimed that this duty of the plaintiff does not
depend upon any act or plea on the part of the defend-
ant. We think otherwise. The mere fact that a prom-
issory note is barred by the statute of limitations does
not imply that the debt evidenced thereby is extin-
guished, nor that the defendant is not morally obli-
gated to pay it. This statute was not designed to pre-
vent the payment of such obligations. It only furnishes
a defense thereto which the defendant may use or not
at his option. The right to use this defense is regarded
as a privilege which may be waived, and the failure

affirmatively to assert it will constitute a waiver thereof.

In this case the defendant did not demur to the petition, object to the introduction of evidence, plead the statute of limitations in his answer, or otherwise claim the protection of the Kansas statute. It seems that the defendant did not rely upon the Kansas statute of limitations at the trial, but sought protection under the statutes of the Indian Territory, which were fully pleaded in his answer and established by the proof. He insists that a good defense was made out under section 4450 of the General Statutes of 1901, which so far as necessary reads:

"Where the cause of action has arisen in another state or country, between non-residents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

The defense as pleaded, however, omits the essential averment that the cause of action arose "between non-residents of this state." This omission makes the plea insufficient. It was shown by the evidence that the plaintiff, Henry Baden, payee of the note, was at all times a resident of the state of Kansas. This fact is not disputed. It seems, therefore, that this defense, both in plea and proof, falls outside of the provisions of the statute relied upon.

We conclude that the verdict and findings of the jury were fully justified, both by the law and the evidence. The judgment is affirmed.

All the Justices concurring.