M. HILLIGOSS, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,947.

SYLLABUS BY THE COURT.

1. DAMAGES—*Injury by Fire—Market Value of Growing Crops.* In an action for damages from fire it is not error to admit evidence of the value per ton of a crop of timothy and clover destroyed, or of the cost of restoring a hedge to its former condition.

2. EVIDENCE—*Error in Striking Out Cured by Subsequent Testimony.* Error in striking out the testimony of an inspector that he found a spark arrester to be in first-class condition held to have been cured by his subsequent testimony that no repairs were made at the time because none was needed.

3. RAILROADS—*Injury by Fire—Proof of Negligence—Presumption—Special Findings.* In an action against a railway com-

pany for a fire caused by the operation of its railroad, in view of the statute creating a presumption that a fire so caused is the result of negligence it is not necessary, in order to sustain a verdict for the plaintiff, that the jury shall be able to specify in what respect the defendant was negligent; and where in reply to special questions whether the defendant was negligent in several distinct particulars the jury state that they do not know, it is not error to refuse to require more definite answers.

4. INSTRUCTIONS—*Error Cured by Special Findings.* In such an action an erroneous instruction as to the degree of care required of the company in the construction of its engines is nonprejudicial where the jury find that it has failed to disprove negligence in the inspection and operation of the engine which caused the fire.

Appeal from Labette district court. Opinion filed March 11, 1911. Affirmed.

*John Madden,* and *W. W. Brown,* for the appellant.
*Archie D. Neale,* for the appellee.

The opinion of the court was delivered by

MASON, J.: M. Hilligoss recovered a judgment against the Missouri, Kansas & Texas Railway Company for a fire loss, and the defendant appeals.

Complaint is made that the plaintiff was permitted to give evidence of the value per ton of unsevered timothy and clover destroyed by the fire. The defendant argues that while the independent value of a component part of the realty may be shown (*Railway Co. v. Lycan,* 57 Kan. 635), it must be valued *as realty.* The market value of a growing or standing crop at the time of its destruction is an element of damage (8 A. & E. Encycl. of L. 330; 13 Cyc. 153-155; 33 Cyc. 1389-1391), this being true of perennial as well as of annual crops (23 L. R. A., n. s., 310, note).

Complaint is also made that evidence was allowed of the cost of restoring a hedge to its former condition. This might under some circumstances be a matter to

be considered, and there was no error in admitting the testimony. (*Ft. S. W. & W. Rly. Co. v. Tubbs,* 47 Kan. 630, 633.)

An employee of the defendant testified that he had examined the spark arrester of the engine that set out the fire and found it in first-class condition. This testimony was stricken out, and the ruling is assigned as error. On cross-examination he said that no repairs were made upon the spark arrester when he examined it, because it did not need any. This covered substantially the same ground as the answer that had been stricken out, and any error in that connection was thereby cured.

Among the special questions submitted to the jury were a number asking in what the negligence of the defendant consisted, and whether the appliances in use were properly constructed, inspected and managed. To each of these the answer was returned: "Don't know." The defendant asked that these answers be required to be made more definite, and now complains of the refusal of its request. The answer "don't know" is ordinarily interpreted as a finding against the party having the burden of proof as to the particular matter involved. (*Morrow et al. v. Comm'rs of Saline Co.,* 21 Kan. 484; *Railroad Co. v. Swarts,* 58 Kan. 235; *Croan v. Baden,* 73 Kan. 364.) In *Railway Co. v. Hale,* 64 Kan. 751, it was said that this rule does not apply where a party has asked that the jury be required to return a more specific answer to a question upon which there is conflicting evidence. In that case, however, no consideration appears to have been given to the peculiar situation resulting from the statute (Laws 1885, ch. 155, § 1; Gen. Stat. 1909, § 7079) which makes proof that a fire was caused by the operation of a railroad *prima facie* evidence that it was the result of negligence. If in the present action no evidence whatever had been introduced on the subject of negligence beyond the bare fact that the fire was set out by the

defendant's engine, and the same questions had been submitted, the jury would necessarily have answered them just as they did. Having no information on the subject, they would be unable to form an opinion whether the defendant had been negligent in any particular respect, but under the statute they would presume negligence of some sort. If they found the testimony of the defendant's witnesses unconvincing, and that was a matter for them to determine (*Railway Co. v. Geiser,* 68 Kan. 281), they were in precisely the same situation as though no such testimony had been offered. The fair interpretation of their answer that they did not know whether the engine was properly constructed is that they were not convinced by the testimony of the defendant's witnesses that such was the case. And so with each of the other similar answers. If the jury found that the plaintiff had not proved, and the defendant had not disproved, any specific form of negligence, they could only say that they did not know whether the company was negligent in that respect, and did not know in what respect it was negligent, but that they held it liable because the statutory presumption that it was guilty of some kind of negligence had not been overcome.

An instruction was given to the effect that it is the duty of a railway company so to construct its engines that, if kept in good order and properly handled, no coals or cinders can escape from them so as to cause a fire. Any error in this regard was necessarily nonprejudicial, for, as already shown, the jury found that the defendant had not disproved its negligence in respect to the operation and inspection of the engine in question. The verdict therefore would still stand although it should be conceded that the engine was properly constructed.

The judgment is affirmed.