A. F. McVEIGH, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 17,406.

SYLLABUS BY THE COURT.

NEGLIGENCE — *Fire — Defective Engine—Pleadings—Issues.* A finding that fire escaped from an engine by reason of its being out of order or repair is within the issues arising upon a petition charging that the fire was caused by operating the railroad by running an engine and train of cars over it.

Appeal from Anderson district court. Opinion filed July 6, 1912. Affirmed.

*John W. Madden, W. W. Brown,* both of Parsons, and *J. G. Johnson,* of Garnett, for the appellant.

*Noah L. Bowman,* of Garnett, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The single question presented in this case is whether under the petition a finding that the fire in question was caused by a defective engine was within the issues.

The action is founded upon the alleged negligence of the appellant causing damage to crops of the appellee by fire.

The petition is based upon section 7079 of the General Statutes of 1909, and contains the following allegation:

"That said defendant by its agents and employees while operating its said line of railroad by running over said line of railroad an engine and train of cars . . . set fire to, injured and damaged . . ." (describing the property.)

A finding was made by the jury that the fire escaped by reason of the engine being out of order or repair. Other findings are to the effect that there was no negligence in any other respect.

The appellant duly presented in the district court, and urges here, the objection that the specific negligence found was not charged in the petition. The argument is that while the statute permits a broad charge that the damages were caused by the operation of a railroad, the allegation here is a specific charge that they were caused by running a train over the road, which the appellant interprets to be a complaint of negligence in the operation of the engine only, that is, that it was not properly and skillfully managed.

The language of the petition does not appear to be restrictive, only so far as to limit the meaning of the phrase "operating its said line of railroad" to the single matter of running an engine and train. Fire caused by

operation in any other respect is excluded. The services of an engineer and fireman, the use of coal and water, and of an engine and appliances, are all obviously included in the operation of a railroad by running trains over it. That is, it is operated through and by means of these agencies. The use of an engine and the services of an engineer are alike necessary. If fire results from the carelessness of one or defects in the other, it manifestly results from running trains. It was so alleged and is so found.

Nothing is said in *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 42 Pac. 722, not in harmony with these views. There the allegation was restricted to negligent management of the locomotive and train. Here it is not. The same remark is true of *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543, 18 Pac. 720.

The judgment is affirmed.