A. F. McVeigh, *Appellee*, v. The Missouri, Kansas
& Texas Railway Company, *Appellant*.

No. 17,406.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

Railroads—*Damage by Fire—Negligence—Pleadings.* In an
action against a railroad company for damages caused by
fire it is sufficient merely to allege that the fire was caused
by the operation of the railroad, without pleading any specific
kind of negligence.

Appeal from Anderson district court. Opinion de-
nying a rehearing filed November 9, 1912. Reaffirmed.
(For original opinion, see 87 Kan. 527, 124 Pac. 898.)

*John W. Madden,* and *W. W. Brown,* both of Par-
sons, and *J. G. Johnson,* of Garnett, for the appellant.

*Noah L. Bowman,* of Garnett, for the appellee.

*Per Curiam:* The defendant asks for a rehearing
because the opinion fails to refer to the defendant's
motion for an order for more definite averments in the
petition. The motion in substance was to require the
plaintiff to state the particular acts of its employees
whereby the running of the train caused the fire, and
wherein the running of the engine and train was negli-
gent. The following quotation from the opinion in
*Railway Co. v. Garrison,* 66 Kan. 625, 72 Pac. 225, is
applicable to the question presented by this motion:

"It was said in *St. L. & S. F. Rly. Co. v. Snaveley,*
47 Kan. 637, 28 Pac. 615, that in such a case negligence
need not be pleaded at all, it being sufficient merely to
allege that the fire was caused by the operation of the
railroad, because, under the statute, that is all that
need be proved." (p. 626.)

In that case, however, the specific allegation was
made that the defendant was negligent in the *use of*

*its engine,* and it was held that, having thus restricted his allegation, the plaintiff should be required to disclose what was meant by the averment. Similar restrictive words were not used in this petition.

The opinion is pertinent to the motion as well as to the principal issue.

The petition for rehearing is denied.