No. 19,744.

G. M. MURRY and THE FARMERS ALLIANCE INSURANCE COMPANY OF KANSAS, *Appellees,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

RAILROADS—*Damage by Fire—Prima Facie Evidence of Negligence.* In an action against a railroad for damages caused by fire, where the allegations of the petition restrict the negligence to the acts of the railroad's agents and servants in charge of a freight train, proof that the fire was caused by that train establishes *prima facie* the negligence alleged. The burden is then on the defendant to disprove that negligence.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed December 11, 1915. Affirmed.

*W. P. Waggener,* and *James M. Challiss,* both of Atchison, for the appellant.

*S. H. Allen,* of Topeka, and *A. B. Crum,* of Lyndon, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action by an owner of property and an insurance company to recover damages caused by fire started by the defendant. The plaintiffs recovered judgment. The defendant appeals. It is contended that under the allegations of the petition and the findings of the jury the judgment should have been for the defendant.

The negligence alleged is:

"The defendant, in the operation of its said railroad, by its agents and servants in charge of a certain freight train, going east on the line of its said railway, along and near said land, negligently and carelessly caused and permitted sparks of fire and hot cinders to be thrown and to escape from the said train and from its engine hauling said train."

Special questions to the jury, and the answers thereto, are:

"Q. 1. How did the fire originate which destroyed the property of the plaintiff on November 10th, 1912? A. From engine 1210.

"Q. 2. If you answer the above question that the fire originated from defendant's engine No. 1210, then state how the fire escaped from said engine? A. We don't know.

"Q. 3. Were the engineer and fireman in charge of said engine competent and skilled employees for the performance of the duties devolving upon them? A. They testified they were.

"Q. 4. Were the said fireman and engineer using due care and caution at the time the engine passed by the plaintiff's property? A. We don't know that they were.

"Q. 6. If you find there was any carelessness or negligence on the part of the agents and servants in charge of said engine at said time, then state wherein said agents and servants were negligent and careless? A. We can't tell.

"Q. 7. If you find the issues herein in favor of the plaintiff, then state specifically and in detail what act or acts of negligence of the defendant caused said fire? A. We don't know of any.

"Q. 8. State what the engineer and fireman did, or failed to do, if anything, which would have prevented said fire? A. There is nothing to show they did anything."

The plaintiffs' petition restricted their right of recovery to the negligence of the defendant's agents and servants in charge of the freight train.

The answer to the first question submitted to the jury established *prima facie* the plaintiffs' right to recover under the allegations of the petition. After the plaintiffs made a *prima*

*facie* case, the burden was on the defendant to show that its agents and servants in charge of that train were not negligent. (Gen. Stat. 1909, § 7079; *Walker v. Kendall*, 7 Kan. App. 801, 54 Pac. 113. See, also, *Mo. Pac. Rly. Co. v. Merrill*, 40 Kan. 404, 407, 19 Pac. 793; *Railway Co. v. Geiser*, 68 Kan. 281, 75 Pac. 68.) Admitting that the third finding is that the engineer and fireman were competent and skillful, it is not a finding that they were not negligent; nor is there any other finding which in substance or effect says that they were not negligent. The substance of the findings of the jury on the question of the negligence of the engineer and fireman is, that the jury did not know and could not tell whether or not the engineer and fireman, or either of them, were negligent. If it was incumbent on the defendant to establish that they were not negligent, then these findings are substantially that they were negligent. (*Morrow et al. v. Commissioners of Saline Co.*, 21 Kan. 484; *A. T. & S. F. Rld. Co. v. McCandliss, Adm'r*, 33 Kan. 366, 6 Pac. 587; *U. P. Rly. Co. v. Shannon*, 38 Kan. 476, 16 Pac. 836; *Railroad Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953; *Hilligoss v. Railway Co.*, 84 Kan. 372, 374, 114 Pac. 383.) These findings fail to show that the defendant proved what was necessary for it to prove to escape liability, after the plaintiffs had established that the fire was caused by this particular train. The plaintiffs proved their right to recover. The defendant failed to establish any defense thereto. This is not in any way contradictory to anything that was said in the following cases, cited by the defendant: *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543, 18 Pac. 720; *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 42 Pac. 722; *Railway Co. v. Garrison*, 66 Kan. 625, 72 Pac. 225; *McVeigh v. Railway Co.*, 87 Kan. 527, 124 Pac. 898, and *McVeigh v. Railway Co.*, 88 Kan. 13, 127 Pac. 624.

The judgment is affirmed.