No. 27,313.

THE PIONEER TRUST COMPANY, *Appellant,* v. M. C. COMBS et al., *Appellees.*

SYLLABUS BY THE COURT.

TRIAL—*Verdict—General Verdict Conflicting With Special Findings Set Aside.* In an action in the nature of a creditor's bill to set aside conveyances of property alleged to have been made with the intent to hinder, delay, and defraud creditors, a new trial should be granted, notwithstanding a general verdict in favor of the defendants, where the plaintiff has proved a *prima facie* case and the answers to special questions submitted to the jury show that the defendants failed to prove the facts necessary to constitute a defense.

Appeal from Morton district court; GEORGE L. LIGHT, judge. Opinion filed April 9, 1927. Reversed.

*A. L. Maltby,* of Elkhart, *H. M. Langworthy, Byron Spencer* and *Frank H. Terrell,* all of Kansas City, Mo., for the appellant.

*Oscar F. Perkins,* of Elkhart, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in the nature of a creditor's bill by which the plaintiff seeks to set aside a deed to real property from the defendant M. C. Combs to the defendant Hattie A. Combs, and to set aside a transfer of bank stock in the Morton County State Bank of Elkhart, from M. C. Combs to Hattie A. Combs, both alleged to have been transferred for the purpose of hindering, delaying, and defrauding the plaintiff and other creditors of M. C. Combs in the collection of their debts. The plaintiff seeks to subject the real property and the bank stock to the payment of a judgment which had been rendered in favor of the plaintiff and against the defendant, M. C. Combs. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The action was tried by a jury which returned a general verdict in favor of the defendants and answered special questions as follows:

"1. Do you find that the defendant M. C. Combs was actually indebted to the said Hattie A. Combs on the 16th day of April, 1923? Ans. Yes.

"2. If you answer the above question No. 1 in the affirmative, state the amount of such indebtedness. Ans. Unknown.

Trial, 38 Cyc. pp. 1297 n. 83, 1924 n. 66.

"3. What do you find the actual value of the property transferred by the defendant M. C. Combs to his wife Hattie A. Combs on the 16th day of April, 1923, to be?  Ans. $11,400."

There was evidence which tended to prove the following facts: That the defendants, M. C. Combs and Hattie A. Combs, were married in 1894 in Baca county, Colorado, where she owned a quarter section of land and some cattle which were sold for about $3,000, which sum was loaned by her to M. C. Combs; that in 1917, she received $500, which was also loaned to her husband; that these two amounts of money were never paid back to her; that she borrowed $1,700 from her father, which she loaned to her husband and which he afterward paid back to her and which she returned to her father; that her husband afterward accumulated the property in controversy in this action; that he became indebted to the plaintiff; and that on that indebtedness a judgment was rendered against him in favor of the plaintiff for $2,605 in February, 1925; that after that action had been commenced but before judgment had been rendered therein, the deed conveying the real property to Hattie A. Combs was executed by M. C. Combs, and the stock in the bank was transferred to her by him; and that there were 3,840 acres of the land and 34 shares of the bank stock.  The plaintiff in its brief states that "the evidence showed that a mortgage of record stood against said land in the sum of $27,000," but the abstract of the evidence does not show the amount of the mortgage.  There was evidence which tended to prove that adjoining land was worth $6 an acre and that the land in controversy was worth $8 an acre, and still other evidence that it was worth $10 an acre.  There was evidence which tended to prove that the bank shares which had been transferred at $100 per share were worth $400 each.  There was evidence which tended to prove that the execution had been issued on the judgment in favor of the plaintiff and returned unsatisfied because there was no property on which to levy the execution.

Hattie A. Combs testified:

"Q. You say Mr. Combs you feel still owes you. How much do you say he owes you?  A. Well, after I bought this bank stock and figuring that at one hundred dollars ($100) a share and there was some money left on that, and then there was this $1,700 I got from my father.  He invested that in land and cattle, and I figured after I got this that he owed me about $1,500."

Concerning the $1,700 transaction, we quote from the abstract of the defendant as follows:

"Q. This $1,700 that you borrowed from your father—how long did Mr.

Combs have that money? A. He had it ten or fifteen years before my father died.

"Q. What did he have it invested in? A. Land and cattle.

"Q. Can you tell us about this money—how he used it, I mean this $1,700? A. He bought cattle and land with it and made some money out of it, and I felt like he owed me."

The plaintiff contends that "the answer of the jury of 'Don't know' or equivalent to a special question propounded indicates that the parties whose duty it was to establish such fact has failed in his proof." This refers to the answer to the second special question submitted to the jury. The rule is that an answer of this character to a question submitted to a jury is equivalent to a negative answer as against the party whose duty it is to establish the affirmative. (*Morrow v. County of Saline*, 21 Kan. 484; *U. P. Rly. Co. v. Shannon*, 38 Kan. 476, 16 Pac. 836; *Railroad Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953; *Le Comte v. Pennock*, 61 Kan. 330, 335, 59 Pac. 641; *Railway Co. v. Hale*, 64 Kan. 751, 754, 68 Pac. 612; *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438; *Railway Co. v. Means*, 71 Kan. 845, 80 Pac. 604; *Croan v. Baden*, 73 Kan. 364, 366, 85 Pac. 532; *Stanley v. Railway Co.*, 88 Kan. 84, 89, 127 Pac. 620; *Jolliff v. Railway Co.*, 88 Kan. 758, 760, 129 Pac. 1178; *Martin v. City of Columbus*, 93 Kan. 79, 87, 143 Pac. 421; *Murry v. Railway Co.*, 96 Kan. 740, 742, 153 Pac. 493; *Martin v. City of Columbus*, 96 Kan. 803, 810, 153 Pac. 518; *State Bank v. Harford Bros.*, 116 Kan. 262, 266, 226 Pac. 750; *Priest v. Life Insurance Co.*, 117 Kan. 1, 2, 230 Pac. 529.)

The court instructed the jury as follows:

"You are further instructed that if you find from all of the evidence, facts and circumstances in this case that the defendant M. C. Combs was indebted to his wife Hattie A. Combs, and that in order to satisfy said indebtedness he transferred the properties as alleged in plaintiff's petition, and that the fair and reasonable value of the property so transferred at said time was in excess of the amount actually due and owing to the defendant Hattie A. Combs, then and in that event your verdict should be for the plaintiff and against the defendants, and you should indicate by the special question submitted to you the amount of indebtedness you actually find due and owing from the defendant M. C. Combs to his wife, on said debt; but if you do not so find and believe, then your verdict should be for the defendants and against the plaintiff."

The general verdict included a finding that the value of the property transferred by Combs to his wife was not in excess of the amount actually due and owing by him to his wife. The answer to special question ·No. 2 was contradictory to the finding included in

the general verdict. There was no question about the property having been transferred nor that the defendants claimed it had been transferred to pay an indebtedness from M. C. Combs to Hattie A. Combs. It was incumbent on the defendants to establish the amount of the indebtedness. If their evidence did not prove that fact, they failed to prove a defense. Possibly, a sufficient answer to the question submitted would have been that the amount of indebtedness exceeded the value of the property transferred, but that was not the answer. The answer was that the amount of indebtedness was unknown. Because the answer to the special question No. 2 contradicted the general verdict, the latter must be set aside.

The. judgment is reversed and· a new trial is directed.